**In re WORLDWIDE DIRECT, INC., et al., Debtors.**

**Nos. 99–108(MFW) to 99–127(MFW).**

United States Bankruptcy Court, D. Delaware.

July 2, 2002.

---

Steven Kortanek, Stephanie A. Fox, Klehr, Harrison, Harvey, Branzburg & Ellers LLP, Wilmington, DE, Joseph J. Wielebinski, Mark H. Ralston, Munsch, Hardt, Kopf & Harr, P.C., Dallas, TX, for Goldin Associates, L.L.C., Liquidating Trustee of the Worldwide Direct Liquidation Trust.

Kevin Mangan, Walsh, Monzack & Monaco, P.A., Wilmington, DE, David B. Shemano, Peitzman, Glassman, Weg & Kempinsky, LLP, Los Angeles, CA, Scott A. Kamber, Wechsler, Harwood, Halebian & Feffer, LLP, New York City, for claimants.

## OPINION[1]

MARY F. WALRATH, Bankruptcy Judge.

This matter is before the Court on the Motion of the Liquidating Trustee for subordination of certain claims of the Slater Brothers and the 5S Trust I, et al. (collectively "the Claimants") pursuant to section 510(b) of the Bankruptcy Code. The Claimants object to the Motion on res judicata grounds asserting that the confirmation of the Plan of Reorganization in this case precludes the relief requested. For the reasons stated below, we overrule the objection and will schedule a further hearing to consider the merits of the relief requested in the Motion.[2]

## I. FACTUAL BACKGROUND

On January 19, 1999, Worldwide Direct, Inc., SmarTalk TeleServices, Inc. and 18 affiliates (collectively "the Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. Immediately prior to the filing of their petitions under chapter 11, the Debtors had executed an asset purchase agreement with AT & T. Pursuant to auction procedures approved by Order dated on February 26, 1999, the sale of the Debtors' assets were advertised and prospective alternative bidders were contacted but ultimately no other bidder submitted an alternative offer for the Debtors' assets and businesses. By Order dated March 18, 1999, we approved the sale of assets to AT & T pursuant to the original asset purchase agreement.

On April 27, 2000, the Debtors and the Official Unsecured Creditors Committee ("the Committee") filed a Second Amended Joint Consolidated Liquidating Plan of Reorganization ("the Plan") which was ultimately confirmed by Order dated June 7, 2001. Under the Plan a Liquidating Trustee was appointed to liquidate the Debtors' remaining assets and distribute the proceeds to creditors.

On or about July 16, 1999, the Claimants filed proofs of claim in these cases in ex-

1. This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is applicable to contested matters pursuant to Rule 9014.

2. The Motion only dealt with some of the claims filed by the Claimants: namely, those based on alleged securities fraud claims relating to the sale of the Claimants' stock in SmarTel Communications, Inc. to the Debtor, SmarTalk TeleServices, Inc. Further, although the response to the Motion raised procedural issues as well, we do not address them at this time.

cess of $15 million based on a complaint which had been filed by them in the District Court for the District of Massachusetts against the former officers and directors and accountants of the Debtors alleging securities fraud in connection with the sale by the Claimants of SmarTel Communications, Inc. ("SmarTel") to the Debtor, SmarTalk TeleServices, Inc. ("SmarTalk") in exchange for stock in SmarTalk. The proofs of claim assert that the Claimants have similar claims against the Debtors, though not named in the complaint because of the automatic stay.

The Liquidating Trustee filed its Motion to subordinate the Claimants' claims pursuant to section 510(b) on November 16, 2001. Objections to the Motion were filed and a hearing on the issue of whether res judicata barred the relief requested in the Motion was held on May 16, 2002. After hearing oral argument, the matter was taken under advisement.

## II. *JURISDICTION*

This Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(1), (b)(2)(A), (B), and (O).

## III. *DISCUSSION*

The Liquidating Trustee asserts that the claims of the Claimants, which are premised on alleged fraud in connection with their sale of SmarTel and consequent acquisition of stock in SmarTalk, must be subordinated pursuant to section 510(b) of the Code. That section provides:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b). The Liquidating Trustee cites numerous cases where similar claims have been subordinated under this section. *See, e.g., In re Betacom of Phoenix, Inc.,* 240 F.3d 823 (9th Cir.2001); *In re Kaiser Group International, Inc.,* 260 B.R. 684 (Bankr.D.Del.2001); *In re International Wireless Communications Holdings, Inc.,* 257 B.R. 739 (Bankr.D.Del. 2001); *In re NAL Financial Group, Inc.,* 237 B.R. 225, 227 (Bankr.S.D.Fla.1999); *In re Granite Partners, L.P.,* 208 B.R. 332 (Bankr.S.D.N.Y.1997).

The Claimants assert that the Liquidating Trustee is precluded from subordinating their claims under the doctrine of res judicata.[3] Specifically, they assert that the Plan did not reserve to the estate the right to subordinate their claims under section 510(b) and, therefore, res judicata bars it.

Section 1141(a) of the Bankruptcy Code provides that "the provisions of a confirmed plan bind the debtor ... and any creditor." As a result, a confirmation order "is a binding, final order, accorded full res judicata effect and precludes the raising of issues which could or should have been raised during the pendency of

---

**3.** Res judicata (or claim preclusion) is a judicial doctrine which precludes a party from relitigating claims that were or could have been asserted in an earlier action. For res judicata to apply, three elements must be established: (1) a final judgment on the merits of a prior action; (2) involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. *See. e.g., Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc.—Pension Fund v. Centra,* 983 F.2d 495, 504 (3d Cir.1992).

the case." *See, e.g., Heritage Hotel Ltd. Partnership I v. Valley Bank of Nevada (In re Heritage Hotel Ltd. Partnership I)*, 160 B.R. 374, 377 (9th Cir. BAP 1993).

■ Because a confirmation order must be accorded res judicata effect, courts have held that unless a plan expressly reserves the right to litigate a specific cause of action, confirmation of the plan will bar its assertion thereafter. *See, e.g., D & K Props. Crystal Lake v. Mutual Life Ins. Co.*, 112 F.3d 257 (7th Cir.1997); *Kelley v. South Bay Bank (In re Kelley)*, 199 B.R. 698 (9th Cir. BAP 1996); *Tracar v. Silverman (In re American Preferred Prescription, Inc.)*, 266 B.R. 273 (E.D.N.Y.2000). The Claimants assert that a general reservation of rights is insufficient and the plan must expressly reserve the specific claim. *See, e.g., American Preferred Prescription*, 266 B.R. at 277 and cases cited therein.

In this case, the Claimants argue that, while the Plan did reserve the right to object to their claims on any ground, it did not expressly reserve the right to subordinate their claims under section 510(b). (*See* Disclosure Statement at section III(D)(6).) This is significant, they argue, because in contrast the Debtors did expressly reserve the right to subordinate numerous other claims under section 510(b) and even provided a schedule of such allegedly subordinated claims. (*See* Disclosure Statement at sections III(D)(3) & (4), IV(A)(9) & Exhibit E.) The Claimants' claims are absent from that schedule and from any discussion of the subordination of claims under section 510(b).

The Liquidating Trustee argues, however, that the Disclosure Statement did reserve the right to the estate to seek to subordinate the claims. At the general discussion of potentially subordinated claims, the Disclosure Statement states that "the Debtors and the Committee believe that there may exist other Claims that constitute Subordinated Claims and properly should be classified into Class 8. The investigation into such Claims is ongoing." (*See* Disclosure Statement at section IV(A)(9).) Further, in discussing the Claimants' specific claims, the Disclosure Statement notes that "the Debtors and the Committee currently are investigating all of such Claims and, at this time, dispute and object to them in their entirety." (*See* Disclosure Statement at section III(D)(6).)

The Claimants assert, however, that such general reservations of rights are insufficient to reserve to the estate the express right to seek to subordinate the claims under section 510(b). *See, e.g., American Preferred Prescription*, 266 B.R. at 277 (blanket reservation of right to object to claim's validity, priority, extent, status or allowance insufficient to permit objection to claim post-confirmation); *Kelley*, 199 B.R. at 704 (general reservation of right to challenge the amount, allowability, priority and secured status of claim within 30 days of confirmation was insufficient to permit challenge to lien of creditor post-confirmation).

Even if such general reservations of rights to object to claims were valid, however, the Claimants assert that they did not preserve the estate's right to seek subordination of their claims because subordination is conceptually different from an objection to a claim. *See, e.g., In re County of Orange*, 219 B.R. 543 (Bankr. C.D.Cal.1997) (equitable subordination under section 510(c) is not a defense, counterclaim, right of setoff or recoupment and therefore was not expressly reserved in the plan). Counsel for the Debtors in this case is the same counsel as counsel to the debtor in the *Orange County* case and, therefore, the Claimants assert that the failure of the Plan in this case to include an express reservation of the right to subordinate their claims was intentional and

revealed the estate's decision not to reserve such rights.

■ We disagree. The reservation of rights with respect to the Claimants' claims is drafted broadly and does not appear to be a conscious waiver of any rights which the estate may have to contest those claims. We do not agree with those cases which conclude that such a broad reservation of rights is ineffective; instead, we hold that it is simply impractical and unwarranted to require a debtor to provide in excruciating detail all of the possible defenses or objections which the estate may have to every single claim being treated in the plan. This is particularly so since many times the claim review process is not accomplished until after the plan is confirmed. It is sufficient for the plan proponent to reserve the right to object to a claim on any grounds. *See, e.g., In re Outdoor Sports Headquarters, Inc.,* 168 B.R. 177, 179 (Bankr.S.D.Ohio 1994).

Further, we are not convinced that reservation of the right to object to a claim is not sufficient to reserve the right to seek subordination under section 510(b). As noted by the Liquidating Trustee, the *Orange County* case is distinguishable because in that case the plan did not even reserve the estate's right to object to the claim. Further, the subordination sought in the *Orange County* case was under section 510(c) which requires an affirmative finding of, *inter alia,* fraud. In contrast, subordination under section 510(b) is premised solely on the fact that the claim is for damages suffered as the result of the purchase or sale of stock. While the former may need a more detailed recitation of the claim being reserved (just as parties are required to plead fraud with specificity), the latter is simply an objection based on the proper priority of payment of a claim and does not rely on any specific allegations of fraud. Therefore, we conclude that a broad reservation of the right to object to the amount and priority of a claim is sufficient to reserve a right to seek subordination under section 510(b). That was done in this case and, therefore, the Confirmation Order does not preclude the Motion filed by the Liquidating Trustee which seeks to subordinate the Claimants' claims under section 510(b).

## IV. CONCLUSION

For the reasons stated above, we overrule the objection of the Claimants that res judicata bars the Motion of the Liquidating Trustee for subordination of certain claims of the Claimants pursuant to section 510(b) of the Bankruptcy Code.

An appropriate Order is attached.

### ORDER

**AND NOW,** this **2ND** day of **JULY, 2002,** upon consideration of the Motion of the Liquidating Trustee for subordination of certain claims of the Slater Brothers and the 5S Trust I, et al. (collectively "the Claimants") pursuant to section 510(b) of the Bankruptcy Code and the Objection of the Claimants thereto, and after a hearing held on May 16, 2002, it is hereby

**ORDERED** that the Objection of the Claimants that the Motion is barred by the doctrine of res judicata is hereby **OVERRULED;** and it is further

**ORDERED** that a further hearing on the Motion shall be held on August 21, 2002, at 11:30 a.m.